# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY PAPACHRISTOS, | ) | |
| | ) | No. 14 CV 5501 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| HILTON MANAGEMENT, LLC, | ) | |
| | ) | March 10, 2015 |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

In this diversity suit Dorothy Papachristos alleges that in April 2012 she fell and injured herself while attending a conference at the Hilton hotel located at 720 South Michigan Avenue in Chicago, Illinois ("Michigan Avenue Hilton"). Her original and first amended complaints assert a claim against Hilton Management, LLC ("Hilton") for negligence. Before the court is Papachristos's motion to further amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) to add a claim against another defendant, Kristina Tiritilli, to this action. For the following reasons, the motion is granted, and because the new claim destroys the court's diversity jurisdiction underlying her original complaint, this action is remanded to state court pursuant to 28 U.S.C. § 1447(e):

## Background

Papachristos filed her original complaint in the Circuit Court of Cook County on March 7, 2014, (R. 3-1, Notice of Removal, Ex. A), followed by an amended

1

complaint on July 3, 2014, (R. 3-4, Notice of Removal, Ex. D). Papachristos alleges in her amended complaint that on April 15, 2012, she was attending a conference at the Michigan Avenue Hilton when she slipped and fell on a carpeted floor "saturated and/or wet with liquid substances." (Id., Ex. D ¶¶ 1, 5, 10.) She further alleged that Hilton's negligence in operating and maintaining the hotel caused her fall and the resulting injuries. (Id. ¶¶ 11-12.)

While her case against Hilton was pending in state court, Papachristos was involved in an automobile accident with Kristina Tiritilli on May 31, 2014. According to Papachristos, the accident aggravated and exacerbated injuries she suffered from her slip-and-fall two years earlier at the hotel. (R. 28, Pl.'s Mot. ¶ 4.) On July 18, 2014, Hilton removed the case to this court on diversity grounds. (R. 3, Notice of Removal ¶ 9.) The parties consented to the jurisdiction of this court on November 19, 2014. *See* 28 U.S.C. § 636(c); (R. 16). Then about two weeks after the parties exchanged Rule 26(a)(1) disclosures, on January 27, 2015, Papachristos filed the current motion for leave to filed a second amended complaint. (R. 28, Pl.'s Mot.) The proposed second amended complaint adds Tiritilli as a party defendant for her role in contributing to the "single indivisible injury" Papachristos allegedly suffered in April 2012 and May 2014 to her head and neck, resulting in "a concussion, post-concussion syndrome, and vestibulopathy." (R. 28-1, Proposed Second Am. Compl. ¶ 9.)

On February 5, 2015, this court entered and continued Papachristos's motion and invited both sides to file briefs addressing whether joinder of Tiritilli as a defendant is permissible, whether the court should allow joinder if it is permissible, and what the implications of such joinder would be. (See R. 10.) Hilton filed its brief on March 2, 2015. (R. 31, Def.'s Resp.) Papachristos did not file a brief addressing the issues.

## Analysis

As an initial matter, the court must address whether the court's analysis is governed by federal or state law. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *E.g., Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). "Because it is primarily a procedural device, party joinder in the federal courts is governed by Rule 20 and state restrictions on the practice are inapplicable." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1652, at 400 (3d. ed., 2014 suppl.). Indeed, courts in this district have consistently applied the Federal Rules of Civil Procedure in determining whether joinder of additional parties is permissible.[1] *See, e.g., Montclair-Bohl v. Janssen*

---

[1] The court notes that Illinois law regarding permissive joinder is similar to federal law in that it allows plaintiffs to join defendants "against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions." *See* 735 ILCS 5/2-405(a); *compare* Fed. R. Civ. P. 20(a)(2) (allowing joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and any question of law or fact

*Pharmaceutica, Inc.*, No. 06 CV 2166, 2006 WL 2700013, at *1 (N.D. Ill. Sept. 13, 2006) ("Joinder of defendants in federal cases is governed by [Rules] 19 and 20[.]"); *Ford v. Mannesmann Dematic Corp.*, No. 00 CV 1226, 2000 WL 2700013, at *1 (N.D. Ill. Sept. 29, 2000) (party joinder should be governed by Rules 19 and 20). The court therefore applies Rule 20, which permits joinder of defendants if: (1) the plaintiff asserts any right to relief against them arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Courts liberally construe Rule 20 in the interest of convenience and judicial economy, "entertaining the broadest possible scope of action consistent with fairness to the parties; joinder . . . is strongly encouraged." *In re Bittorrent Copyright Infringement Cases v. Does*, Nos. 12 CV 1188, et seq., 2013 WL 501443, at *1 (C.D. Ill. Feb. 11, 2013) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (internal quotations omitted)).

As for the propriety of joinder, the standard for deciding whether to allow post-removal joinder of a potentially diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e).[2] *See Roppo v. Travelers Ins. Co.*, No. 13 CV 5569, 2014 WL 3810580, at *3 (N.D. Ill. Aug. 1, 2014) ("[W]hen a party has been joined after the case

common to all defendants will arise in the action."); *see also Alegre v. Aguayo*, No. 06 CV 5744, 2007 WL 141891, at *6 (N.D. Ill. Jan. 17, 2007) (Illinois joinder law is similar to federal law).

[2] The parties do not dispute that Tiritilli is an Illinois citizen and that joining her as a defendant would destroy this court's diversity jurisdiction under 28 U.S.C. § 1332. (See R. 30; R. 31, Def.'s Resp. at 2, 10-11.); *see also Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

has been removed to federal court, the court should apply 28 U.S.C. § 1447—which addresses post-removal procedures—in lieu of Rule 15." (internal quotations and citation omitted)); *Sparrow v. Menard, Inc.*, No. 11 CV 608, 2011 WL 4833116, at *1 (S.D. Ind. Oct. 12, 2011) (same). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447.

## A. Permissibility of Joinder

Turning first to whether joinder is permissible in this case, Hilton does not seem to dispute that Papachristos's claims against Hilton and Tiritilli share at least one common question of law or fact. (R. 31, Def.'s Resp. at 9-10.) Rather, Hilton argues that joinder is not permissible because the two claims are not part of the same transaction or occurrence as required under Rule 20. (Id. at 9.) It is well-established that "[j]oinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (citing Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). However, courts have interpreted "same transaction" or "series of related transactions" differently, even when presented with similar circumstances. *See Gonzales v. Wal-Mart Stores, Inc.*, No. 14 CV 230, 2014 WL 2591690, at *4 (D. Nev. May 22, 2014) (collecting cases); *see also Hughes v. Sears, Roebuck & Co.*, No. 09 CV 93, 2009 WL

2877424, at *6 ("[C]ourts, faced with nearly identical facts, differ drastically in applying" Rule 20's joinder requirements). For example, the court in *Gonzales*, a case factually similar to this one, concluded that claims against two defendants who both allegedly contributed to the same injury were properly joined under Rule 20(a) despite the fact that the claims arose out of two separate incidents—a slip-and-fall and a car accident. *See Gonzales*, 2014 WL 2591690, at *1. The court reasoned that "[n]othing in the text of Rule 20 supports a restrictive reading that a series of occurrences can only exist where there is a causal connection . . . between incidents and a factual dependency in ascertaining liability." *Id.* at *7.

In contrast, the court in *Oda v. United States*, No. 11 CV 4514, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012), found joinder impermissible where the plaintiff sought to join defendants from two separate car accidents three months apart. *Id.* at *2. Even though the two accidents allegedly contributed to the plaintiff's injuries, the court stated that "the facts surrounding the accident with the [first] driver and the facts surrounding the accident with [the second driver] are wholly distinct from one another" and that the evidence required to determine liability would be separate for the claims against each defendant. *Id.*

The Seventh Circuit has not directly addressed the meaning of "same transaction or occurrence" in Rule 20. *See State Farm Fire & Cas. Co. v. Electrolux Home Prods.*, No. 11 CV 8946, 2012 WL 1287698, at *6 (N.D. Ill. Apr. 16, 2012). But while the Seventh Circuit has generally commented that "[u]nrelated claims against

different defendants belong in different suits," *George*, 507 F.3d at 607, it has also noted that it may be proper for a single complaint to include claims against two separate defendants even when their allegedly negligent acts occurred in different locations and times, *see Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 73 (7th Cir. 1990). In *Diehl*, each defendant owned a different warehouse in which the plaintiff allegedly was struck by a forklift in separate incidents occurring four and a half months apart. *Id*. The plaintiff in that case alleged that the second accident aggravated the back injury she sustained in the first accident. *Id*. The Seventh Circuit explained that if both defendants were culpable, they would be joint tortfeasors despite the lack of concert between them, "[a]nd it is of course proper to sue joint tortfeasors in the same complaint." *Id.* at 73-74. The court's reasoning in *Diehl* is consistent with the "liberal approach to the concept of same transaction or occurrence employed by many federal courts . . . in which the court permits an injured plaintiff to join both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated plaintiff's original injuries." Wright, Miller, & Kane, *supra*, § 1653 at 410-11.

Indeed, though few cases in the Seventh Circuit articulate a precise standard to apply, courts in this and other districts have liberally allowed joinder under Rule 20. *See, e.g., Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 745 (N.D. Ill. 2007) (noting that courts are inclined to find that claims arise out of the same transaction or occurrence in the interest of judicial economy (quotations and citations omitted)); *Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic*

*States, Inc.*, 807 F. Supp. 2d 375, 382 (D. Md. 2011) ("courts generally construe the phrase 'same transaction or occurrence' liberally insofar as claims arise from the same transaction or occurrence if they have a logical relationship to one another" (citations omitted)); *Bell v. Werner Enters., Inc.*, No. 11 CV 18, 2011 WL 1297115, at *3 (N.D.W.Va. Apr. 5, 2011) (finding that injuries from two separate car accidents were "inextricably intertwined" and apportionment of liability was a common question of law or fact); *Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 533 (S.D.N.Y. 1993) (finding requirements of joinder satisfied where plaintiff brought a products liability claim against one group of defendants and a medical malpractice claim against another defendant). Courts have found joinder permissible even in situations where the plaintiff's claims arise from incidents that appear to be chronologically and factually distinct. *See, e.g., Gonzales*, 2014 WL 2591690, at *1 (joinder permissible where plaintiff alleged he slipped and fell in a store, and was then involved in a car accident four months later, suffering injuries to his head, neck, and shoulders in both incidents); *Jacques v. Hyatt Corp.*, No. 11 CV 5364, 2012 WL 3010969, at *4 (N.D. Cal. July 23, 2012) (allowing joinder where plaintiff alleged he fell in a hotel and injured his knee, then aggravated his injury two months later due to a defective knee brace he was wearing).

Furthermore, although the ultimate question of whether joinder is proper is a federal matter, the court can still consider state law in making its determination and Illinois state cases also support a liberal approach to permissive joinder. *See Agrella*

*v. Great Am. Ins. Cos.*, No. 99 CV 5309, 1999 WL 1101319, at *2 (N.D. Ill. Nov. 23, 1999) (though a court does not apply state procedural law, it may take it into consideration in deciding whether joinder is proper) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)). For example, in a pharmaceutical case where the plaintiff brought a failure to warn claim against a drug manufacturer and a negligence claim against her physician, a court in this district found joinder proper because "[t]he Illinois Supreme Court has clearly indicated that relevant transactions need not have much in common to allow for joinder of defendants, so long as the transactions are 'closely related.'" *Alegre*, 2007 WL 141891, at *6 (citing *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 272 (Ill. 1995)). In *Yanan v. Ewing*, 562 N.E.2d 1243 (Ill. App. Ct. 1990), the court found that joinder is permissible where one defendant causes an injury and the second defendant later causes an aggravation of that injury. *Id.* at 1246 (citing *Denzel v. Cnty. of Cook*, 382 N.E.2d 578, 581 (1978)).

In this case, Papachristos alleges in her proposed second amended complaint that when Tiritilli rear-ended her car in May 2014, the accident "re-aggravated and re-injured" previous head and neck injuries from her slip-and-fall at the Michigan Avenue Hilton in April 2012. (R. 28-1, Proposed Second Am. Compl. ¶ 10.) Although the circumstances surrounding the slip-and-fall and the rear-end collision differ in many respects, there is overlap in that Papachristos brings allegations against both defendants for the same injuries to the same parts of her body. As

discussed above, finding this overlap to be sufficient for joinder purposes is consistent with the liberal approach endorsed in many jurisdictions, including this district. Given the legal landscape in both state and federal courts that have addressed this issue, the court finds that joinder is permissible in this case under Rule 20.

## B. Propriety of Joinder

Fulfillment of Rule 20 requirements, however, is insufficient on its own to warrant granting Papachristos's motion. Permissive joinder ultimately rests with the sound discretion of the court, which must determine if joinder will comport with the principles of fundamental fairness. *See Chavez v. Ill. St. Police*, 251 F.3d 612, 632 (7th Cir. 2001). In cases like these where joinder of a non-diverse party would destroy federal jurisdiction, the court has discretion under § 1447(e) to permit or deny post-removal joinder of a non-diverse party based on the equities. *See Schur,* 577 F.3d at 759 (citations omitted); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996). Courts have looked to the following factors to determine whether post-removal joinder of a non-diverse party is appropriate: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.*

Considering the first factor, there is no evidence indicating that Papachristos's motive for joining Tiritilli is merely to defeat federal jurisdiction. This is not a case

where the plaintiff's claim against the proposed defendant has no possible merit. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (noting that seeking to add a groundless claim indicates that a non-diverse defendant was joined simply to defeat removal). Rather, Papachristos's claims against both Hilton and Tiritilli appear plausible and do not indicate an improper motive for seeking joinder. Hilton argues that Papachristos cannot possibly prove her allegations that both the slip-and-fall and the car accident with Tiritilli caused her to sustain indivisible injuries because there is no evidence that Hilton and Tiritilli acted concurrently. (R. 31, Def.'s Resp. at 6.) But defendants need not act concurrently to produce an indivisible injury. In *Burke v. 12 Rothschild's Liquor Mart,* 148 Ill. 2d 429, 439 (1992), a case Hilton relies on, the Illinois Supreme Court cites to a comment to Restatement (Second) of Torts § 433A(2) stating that "[b]y far the greater number of personal injuries . . . are single and indivisible." The comment goes on to note that "[i]t is not necessary that the misconduct of two or more tortfeasors be simultaneous" for the harm to be indivisible. Restatement (Second) of Torts § 433A(2) comment i (1965). Not only are Papachristos's claims against the defendants plausible, there is no indication that she is only seeking to join a non-diverse party "immediately after removal, but without additional discovery providing a legitimate reason for doing so," *WG Techs., Inc. v. Thompson*, No. 13 CV 304, 2013 WL 1943310, at *3 (N.D. Ill. May 8, 2013) (internal quotations omitted) (citing *Schur*, 577 F.3d at 767). Accordingly, the first factor favors joinder.

The court next considers whether Papachristos's request to amend is timely. The parties provided little insight on this point as Hilton's brief makes no arguments regarding the timeliness of Papachristos's motion and Papachristos did not file a separate brief. Looking solely to the procedural history and the docket in this case, the court finds nothing particularly suspicious or dilatory in the timing of the amendment. However, the court does note that nearly eight months elapsed between the car accident in May 2014 and Papachristos's motion to amend, which is not an insignificant period of time. (See R. 28); *see also Scheinman v. Martin's Bulk Milk Serv.*, No. 09 CV 5340, 2010 WL 3701334, at *7 (N.D. Ill. Sept. 9, 2010) (finding that an unexplained seven-month delay before seeking to add additional defendants indicated improper motives). Without the benefit of additional information from the parties, the court finds that the timing of the motion neither favors nor disfavors joinder.

As for whether Papachristos will suffer prejudice if this court denies joinder, the court must balance this prejudice against Hilton's interest in avoiding a local forum. The court must also take into account Papachristos's interest in assuring that liability for her injuries is correctly apportioned, if possible, between one defendant that allegedly caused the injury and the other defendant who allegedly re-injured or exacerbated her previous injury. *See Hall v. Keating*, 246 Ill. App. 3d 538, 540 (Ill. App. Ct. 1993) (citing J. Friedenthal, M. Kane, A. Miller, Civil Procedure § 6.4, at 331 n.12 (1985)). Moreover, if joinder is denied, Papachristos

will need to file a separate action against Tiritilli in state court and litigate two separate lawsuits involving overlapping evidence regarding the nature and extent of the injuries resulting from each incident. The duplicative efforts would not only be wasteful, but could also lead to contradictory results. *See McIntosh v. HSBC Bank USA, N.A.*, 891 F. Supp. 2d 985, 990 (N.D. Ill. 2012) (finding denial of joinder would prejudice plaintiff because doing so "would be inefficient" and "could result in inconsistent results"). For example, Hilton and Tiritilli will likely each argue that the other is responsible for Papachristos's injuries, and it is possible that though both defendants are found liable, separate fact-finders could determine that the other defendant's conduct was primarily responsible for Papachristos's injuries. *See Gonzales*, 2014 WL 2591690, at *8; *see also Carpenter v. Menard, Inc.*, No. 14 CV 113, 2014 WL 5465747, at *4 (N.D. Ind. July 10, 2014) (finding that without joinder, plaintiffs faced increased risk of being barred from recovery by state contributory negligence statutes). This scenario could lead to a result where both defendants are found liable for Papachristos's injuries, yet she recovers lower damages than she is entitled to. *See Gonzales*, 2014 WL 2591690, at *8.

Furthermore, given that all of Papachristos's claims arise under Illinois law, the state court is well-equipped to handle this matter. *See McIntosh*, 891 F. Supp. 2d at 990. Potential prejudice is further lessened by the fact that this litigation is still in its early stages. *See Destiny Health, Inc. v. Connecticut Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 910 (N.D. Ill. 2010); *Roppo*, 2014 WL 3810580, at *3 (finding

joinder appropriate in part based on "the early stage in the litigation at which [plaintiff] seeks to join" defendants).   Accordingly, after balancing all the relevant factors, the court concludes that it is appropriate to allow joinder.

## Conclusion

For the foregoing reasons, Papachristos's motion to amend her complaint is granted and this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(e).

**ENTER:**


_____
**Young B. Kim
United States Magistrate Judge**